**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000772**
**22-OCT-2019**
**07:55 AM**

NO. CAAP-15-0000772

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
GRANT KENNETH FLEMING, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO. 3DTA-13-00503)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Chan and Hiraoka, JJ.)

Defendant-Appellant Grant Kenneth Fleming (**Fleming**) was convicted of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2012). He appeals from the Judgment and Notice of Entry of Judgment (**Judgment**) entered by the District Court of the Third Circuit (**District Court**) on September 25, 2015. For the reasons explained below, we affirm the Judgment.

On February 28, 2013, Fleming was charged by complaint with OVUII in violation of HRS § 291E-61(a)(1) and/or (a)(3).[1]

---

[1] HRS § 291E-61 provides, in pertinent part:

>    (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
>    (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

(continued...)

He filed a number of pretrial motions, some of which are at issue in this appeal.  Trial began on June 10, 2014, and was continued on September 25, 2015.[2]  Fleming was convicted of violating HRS § 291E-61(a)(1).  He contends that the District Court erred by: (1) denying his motion to suppress evidence of the breath test; (2) denying his motion to compel discovery of police officers' personnel files; (3) denying his motion to compel discovery of video materials; (4) admitting a police officer's testimony regarding the standardized field sobriety tests; and (5) convicting him based upon insufficient evidence.  He also contends that the judge who presided over the second day of trial was not properly certified under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 25(a) (eff. 2012).

1. **Evidence of Fleming's breath test should have been suppressed, but the error was harmless.**

After Fleming was arrested, Hawai'i County Police Department (**HCPD**) officer Josiah Coe advised him that he did not have the right to an attorney and that he impliedly consented to a breath test.  Following then-standard HCPD procedure, Officer Coe read the implied consent form verbatim to Fleming.  The form stated: "You shall be subject up to thirty days imprisonment and/or a fine of up to $1000 pursuant of Section 291E-68, and/or the sanctions of Section 291E-65."  Fleming indicated his agreement to take a breath test by initialing the form next to the statement "Agree to take a breath test," and signed the form.  Officer Coe administered the breath test.  The test results

---

[1](...continued)

. . . .

> (3)    With .08 or more grams of alcohol per two
>        hundred ten liters of breath[.]

[2]    The Honorable Joseph P. Florendo presided over the first day of trial on June 10, 2014.  Due to time constraints the trial was continued to September 5, 2014.  Fleming failed to appear on September 5, 2014, and a bench warrant was issued.  The Honorable Margaret K. Masunaga presided over the second day of trial on September 25, 2015, due to the retirement of Judge Florendo.

showed that Fleming had a breath alcohol content of 0.199 grams of alcohol per 210 liters of breath.

Fleming moved to suppress evidence of his breath test. The motion was heard on November 15, 2013.[3] Fleming testified that he was informed he could be thrown in jail for thirty days if he refused to provide a breath sample. The deputy prosecuting attorney (**DPA**) asked Fleming, "No one forced you to take a breath test, right?" Fleming responded, "In light of the situation, that's the only choice I was given, really." The District Court denied the motion to suppress.

The State concedes that under the circumstances of this case Fleming's motion to suppress "should have been granted as to the admission of the Intoxilyzer results" under State v. Won, 137 Hawai'i 330, 346-49, 372 P.3d 1065, 1081-84 (2015). But the State argues, and we agree, that the District Court's error was harmless because Fleming was convicted under HRS § 291E-61(a)(1), not HRS § 291E-61(a)(3).[4] See note 1.

2. **Fleming fails to show that the District Court erred in denying his motion to compel discovery of police officers' personnel files.**

The District Court denied Fleming's motion to compel discovery of police officers' "personnel files and records of arrests etc[.]" Fleming cites Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), but his opening brief[5] does not provide any details about the content of his discovery request(s) or of the State's response(s). None of his briefs contain the JIMS or JEFS docket numbers or electronic page citations for his motion to compel, his discovery request(s), or the State's response(s), as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(3) (eff. 2010).

---

[3] The Honorable Joseph P. Florendo, Jr. presided.

[4] Fleming states that he was convicted under HRS §291E-61(a)(3) but the Judgment recites a guilty verdict only for HRS §291E-61(a)(1).

[5] Fleming's opening brief failed to comply with HRAP Rule 28(b)(4) (eff. 2010). He was ordered to file an amended opening brief. His amended opening brief was filed on July 29, 2019.

Nor do his briefs recite the contents of the disputed discovery requests and responses. We are not obligated to search the record for information that should have been provided by Fleming. Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (citing Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions" (citations omitted)) and Miyamoto v. Lum, 104 Hawaiʻi 1, 11 n.14, 84 P.3d 509, 519 n.14 (2004)). Fleming fails to demonstrate that the District Court erred in denying his motion to compel. See Hawaii Ventures, 114 Hawaiʻi at 480, 164 P.3d at 738.

Fleming also contends, without citing any authority, that the District Court's failure to state the basis for its denial of the motion to compel constituted an abuse of discretion. The transcript of the hearing on the motion to compel shows that the District Court actually did state the basis for its decision. Fleming's failure to present any discernable argument that the District Court's stated basis for denying the motion to compel was erroneous constitutes a waiver of any error. See HRAP Rule 28(b)(7) (eff. 2010) ("Points not argued may be deemed waived."); see also IndyMac Bank v. Miguel, 117 Hawaiʻi 506, 521, 184 P.3d 821, 836 (App. 2008) (noting that where an appellant fails to make a "discernible argument in support of [a] position," an appellate court may disregard the contention) (citing Taomae v. Lingle, 108 Hawaiʻi 245, 257, 118 P.3d 1188, 1200 (2005) (quoting Norton v. Admin. Dir. of the Court, 80 Hawaiʻi 197, 200, 908 P.2d 545, 548 (1995) (internal quotation marks omitted)).

### 3. Fleming fails to show that the District Court erred in denying his motion to compel discovery of video materials.

Fleming contends that he "sought video materials from the traffic camera from the intersection where the alleged moving violation occurred as well as from within the police station

where [his] gait and balance could be seen as well as the breath test process [sic]." None of his briefs contain record references for his motion, any discovery requests, or any discovery responses. The appendix to his reply brief contains a copy of a letter from his attorney to the State dated February 21, 2013. The first sentence of the letter states: "This is NOT a discovery request." (Capitalization in original.) The letter goes on to discuss the State's obligations under Brady and related cases. The appendix does not include a copy of any response by the State, nor does it include a copy of any follow-up discovery requests or responses. Fleming fails to demonstrate that the District Court erred in denying his motion to compel.

With respect to traffic cameras, the appendix to Fleming's reply brief also contains a copy of a letter from the State to Fleming's attorney dated June 20, 2013, explaining that the traffic camera at the intersection where the police officer observed Fleming running the red light "is only for real-time surveillance purposes and does NOT record." (Capitalization in original.) Since there was no video recording, the District Court did not err in denying Fleming's motion to compel discovery of video material.

### 4. Testimony about standard field sobriety tests.

Fleming contends that there was insufficient foundation for HCPD officer Caroldeen Freitas's testimony about Fleming's performance on the standard field sobriety test (**SFST**).[6] Officer Freitas testified that HCPD's SFST protocol includes the horizontal gaze nystagmus (**HGN**) test, the walk-and-turn, and the one-leg stand. She received 40 hours of SFST training at the police academy in 2000 "under the NHTSA guidelines." She also

---

[6] Fleming's request that we take judicial notice of the documents appended to his opening brief titled "DWI Detection and Standardized Field Sobriety Testing Student Manual," "Introduction to Drugged Driving Student Manual," and "The Detection of DWI at BACS Below 0.10" is denied because there is no indication that the documents were presented to the District Court or are otherwise part of the record on appeal. See HRAP Rule 28(b)(10) (eff. 2010) ("Anything that is not part of the record shall not be appended to the brief, except as provided in this Rule.").

had a "refresher class" in 2008. Her instructors were certified by NHTSA to teach the SFST. She was certified to administer and to grade or judge SFSTs in 2000.

In <u>State v. Ito</u>, 90 Hawai'i 225, 978 P.2d 191 (App. 1999) we noted that as to the HGN test:

> the 1984 NHTSA Instruction Manual explicitly directs officers to "[p]ractice until you can consistently estimate 45 degrees. Check yourself monthly with [an 8" x 15" square template or cardboard with a diagonal line drawn from one corner to another to demark 45 degrees] to be sure that your accuracy has been sustained."

<u>Id.</u> at 244 n.10, 978 P.2d at 210 n.10 (citation and italics omitted). There is no evidence in the record that Officer Freitas checked herself monthly to be sure her accuracy to consistently estimate 45 degrees has been sustained to properly conduct the HGN test. The District Court erred in allowing Officer Freitas to testify about Fleming's HGN test results but again, the error was harmless because Fleming was convicted under HRS § 291E-61(a)(1), not HRS § 291E-61(a)(3). Moreover, the State laid the foundation for Officer Freitas to testify about her observations of Fleming's performance on the walk-and-turn and the one-leg stand components of the SFST, and the District Court did not err in allowing Officer Freitas's testimony on those issues.[7] <u>State v. Ferrer</u>, 95 Hawai'i 409, 427, 23 P.3d 744, 762 (App. 2001) ("[A]n arresting officer may be permitted to testify as to [their] physical observations about a DUI arrestee's performance on [the walk-and-turn and the one-leg stand components of the SFST] and to give an opinion, based on such observations, as to whether the arrestee was intoxicated when arrested.").

> **5. There was sufficient evidence to support the conviction for violation of HRS § 291E-61(a)(1).**

---

[7]   Officer Freitas never opined whether Fleming "passed" or "failed" the SFSTs or that he performed "poorly" on them. <u>State v. Toyomura</u>, 80 Hawai'i 8, 26-27, 904 P.2d 893, 911-12 (1995).

When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (citations omitted). "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (citation omitted).

Officer Freitas testified that she saw Fleming drive through a red light at the intersection of Queen Ka'ahumanu and Palani Road without making any attempt to slow down. After stopping him she "immediately smelled alcohol on his breath." She testified, "his eyes were red, glassy. He was slow in speaking and his words were slurred." When he got out of his vehicle "he held onto the roof of the car to get out to maintain his balance" and he was unsteady on his feet. During the walk-and-turn test Fleming "started too early three times," "missed all of his heel to toe steps both on the nine going out and the nine coming back," and "stepped off the line once going out and once coming back." "He made an improper turn." During the one-leg stand test Fleming had "difficulty in keeping his balance" during the instructional phase. He also had difficulty maintaining his balance during the test phase, putting his foot down three times. He lost count of the time and had to start again. He swayed, lifted his arms, and hopped to keep his balance. The record shows that there was sufficient evidence to support Fleming's conviction for violation of HRS § 291E-61(a)(1) even without Officer Freitas's testimony about his performance on the HGN test.

6. **The judge who presided over the second day of trial was properly certified even if HRPP Rule 25(a) applied to Fleming's bench trial.**

Fleming argues that the judge who presided over the second day of his trial was not properly certified under HRPP Rule 25(a).  Rule 25 provides, in relevant part:

> (a) **During Trial**.  If by reason of absence from the State, death, sickness or other disability, including retirement or disqualification, the judge before whom a <u>jury trial</u> has commenced is unable to proceed with the trial, any other judge regularly sitting in or assigned to the court, upon certifying that he or she has become familiarized with the record of the trial, may proceed with and finish the trial.

(Underscoring added.)  Fleming's argument fails for a number of reasons.  HRPP Rule 25(a) applies to jury trials; it did not apply to Fleming's non-jury trial.  Even if it did, Fleming waived any error because neither his opening brief nor his amended opening brief states where in the record the alleged error was objected to or brought to the attention of the District Court, <u>see</u> HRAP Rule 28(b)(4)(iii) (eff. 2010), and the record on appeal does not show that he objected to a different judge presiding over the second day of his trial, over fifteen months after the first trial day, due to the retirement of the original trial judge.  Finally, we decline to recognize plain error because the judge who presided over the second day of Fleming's trial stated:

> THE COURT: Okay.  Okay.  So the Court has reviewed all of the record and files in this case that were presented prior to the start of, uh, the finishing of the trial today, and Court did review the documents that the defense attorney provided today in his exhibit list.
>
> I do wanna note for the record, however, that the Court did not have defendant's exhibit list in hand until today at the start of trial which was approximately 9:13 a.m., September 25th, 2015.  [The] Court did have plaintiff's exhibit list previously provided in the binder.
>
> [The] Court has <u>reviewed all of the videotapes in this case</u> from the time of the initial proceedings; the date of the offense being February 7, 2013; a hearing from March 21st, 2013; documents filed throughout this proceedings; another hearing on June 3rd, 2013; another hearing held on July 31st, 2013; the hearing held on November 15th, 2013; and in 2014, February 28th, 2014.  And

> this Court had <u>reviewed the beginning of the trial, the entire video from June 10, 2014</u>, and the beginning of the trial was started with now retired Judge Joseph P. Florendo Jr.

(Underscoring added.)  The record on appeal indicates that a twelve-month delay in resuming the trial was due to Fleming's failure to appear, which resulted in a bench warrant being issued.  During that time the original trial judge retired.  The second judge watched the official videotape of the previous witnesses' testimony and was completely familiar with the record of the trial.  Fleming failed to demonstrate any prejudice to his rights under the unique facts of this case.

For the foregoing reasons, the Judgment and Notice of Entry of Judgment entered by the District Court of the Third Circuit on September 25, 2015, is affirmed.

DATED: Honolulu, Hawaiʻi, October 22, 2019.

On the briefs:

Kevin O'Grady,
for Defendant-Appellant.

Brit Barker,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge